IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James E. Lundeen, Sr., M.D.,

    Plaintiff,               Case No. 2:09-cv-564

v.                                          JUDGE GRAHAM

Parshotam Gupta, M.D., et al.,    MAGISTRATE JUDGE KING

    Defendants.

ORDER

This matter is before the court on defendants' motions to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. In this libel action, plaintiff's complaint alleges that this court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists under 28 U.S.C. § 1332 where the amount in controversy exceeds $75,000 and there is complete diversity between the plaintiffs and defendants, i.e., "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (Emphasis sic.) <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978). Thus, complete diversity does not exist when any plaintiff is a citizen of the same State as any defendant. <u>Id.</u> A complaint asserting diversity jurisdiction must allege the citizenship of an individual party, not merely his or her residence, as residence and citizenship are not synonyms for purposes of determining jurisdiction under 28 U.S.C. § 1332. See <u>Meyerson v. Harrah's E. Chi. Casino</u>, 299 F.3d 616, 617 (7th Cir. 2002).

Plaintiff's complaint does not allege facts that would support a finding of diversity jurisdiction. In particular, plaintiff does not allege, distinctly and affirmatively, his citizenship or the citizenships of the defendants. Instead, plaintiff simply lists his mailing address, and the mailing addresses of the defendants. But even these addresses do not suggest complete diversity. Plaintiff's mailing address is in Ohio, just as five of the defendants. At a minimum, these mailing addresses suggest a lack of complete diversity. Furthermore, in response to defendants' motions, plaintiff does not assert that he is a citizen of a different state than each defendant; he argues that the "complete diversity" rule is not well-settled. He also argues that the Class Action Fairness Act of 2005 (CAFA) applies here to eliminate the complete diversity requirement. These are meritless arguments. In <u>Glancy v. Taubman Ctrs., Inc.</u>, 373 F.3d 656, 664 (6th Cir. 2004), the Sixth Circuit Court of Appeals stated that "[i]t is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." While the CAFA created an exception to this rule, the case at bar is not a class action, and thus the CAFA does not apply here.

Lastly, the court notes that, in response to the motions to dismiss, plaintiff argues in passing that this case presents a federal question. This contention also lacks merit. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's cause of action for libel does not "arise" under federal law because it is not created by federal law and plaintiff's right to relief does not necessarily depend on the

2

resolution of a substantial question of federal law.  See Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006). Therefore, there is no basis for federal-question jurisdiction over this action under 28 U.S.C. § 1331.

Accordingly, defendants' motions to dismiss for lack of subject-matter jurisdiction (Doc. Nos. 4,5, and 6) are GRANTED, and this action is hereby DISMISSED for lack of subject-matter jurisdiction.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge